UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MEYERS DIVISION

ROBERT HARRY DIGGORY, IV and
NANCY JAEN MCARDLE,

    Plaintiffs,                                          CASE NO: 2:19-cv-00367-SPC-UAM

vs.

SAFECO INSURANCE
COMPANY OF ILLINOIS,

    Defendant.

_____/

**MOTION TO DISMISS COUNT THREE OF THE COMPLAINT**

Defendant, Safeco Insurance Company of Illinois ("Safeco") moves to dismiss count three of the complaint.

**I.   Motion to Dismiss Count Three**

This is a lawsuit for uninsured/underinsured motorist benefits. In the complaint, Plaintiff included a count for bad faith pursuant to Florida Statute § 624.155 (count three). However, Florida law is clear: "an insured's underlying first-party action for insurance benefits against the insurer necessarily must be resolved favorably to the insured before the cause of action for bad faith in settlement negotiations can accrue." *Blanchard v. State Farm Mut. Auto. Ins. Co.*, 575 So. 2d 1289, 1291 (Fla. 1991). Thus, "in order to state a cause of action for bad faith, [Plaintiff] ha[s] to allege that there ha[s] been a determination of the extent of [his] damages covered by the underlying insurance contract." *Vest v. Travelers Ins. Co.*, 753 So. 2d 1270, 1274 (Fla. 2000). *See Progressive Select Ins. Co. v. Shockley*, 951 So. 2d 20, 21 (Fla. 4th DCA 2007) ("We

therefore grant the petition and remand for the trial court to either dismiss the bad faith claim or abate the bad faith claim until the UM claim is resolved.").

Here, the complaint does not—and cannot—allege a favorable resolution of the underlying action against Safeco. Nor does the complaint allege "a determination of the extent of [Plaintiff's] damages covered by the underlying insurance contract" as required by *Vest*. Accordingly, count three does not state a claim for relief.

When, like here, a plaintiff sues under § 624.155 simultaneous with an action for uninsured motorist benefits "[t]he only question for the Court to decide is whether this claim should be dismissed without prejudice or abated until resolution of the underlying coverage dispute." *Gilbert v. State Farm Mut. Auto. Ins. Co.*, 95 F. Supp. 3d 1358, 1363 (M.D. Fla. 2015). There has been a longstanding debate about which disposition is most appropriate. "Courts deciding procedurally similar claims have recently both dismissed and abated them." *Mann v. Taylor*, 5:15-CV-7-RS-GRJ, 2015 WL 500803, at *3 (N.D. Fla. 2015). For the reasons stated below, Safeco submits that dismissal is the appropriate disposition.

**A. No Justification for Abatement**

In *Lawton-Davis v. State Farm Mut. Auto. Ins. Co.*, 6:14-CV-1157-ORL-37, 2014 WL 6674458, at *2 (M.D. Fla. 2014), the Court noted that courts that have allowed abatement have done so "largely to conserve judicial resources and reduce the potential for inconsistent rulings in successive UM benefits and bad-faith actions." *Id*. The Court also noted that "the risks of judicial inefficiency and inconsistency peculiar to the first-party bad-faith context can be traced to a discrete question of Florida law: does an excess verdict in a UM benefits action fix a plaintiff's damages in a subsequent bad-

faith action?" *Id.*

There was a split of authority on this issue. Some courts held that the verdict in the uninsured or underinsured motorist case did not establish the damages under Florida Statute § 627.727(10) in a later bad faith case. *See King v. Gov't Employees Ins. Co.*, 8:10-CV-977-T-30AEP, 2012 WL 4052271, at *5 (M.D. Fla. 2012); *Geico Gen. Ins. Co. v. Bottini*, 93 So. 3d 476, 477 (Fla. 2d DCA 2012) (Altenbernd, J. concurring). Other courts, however, found that the verdict in the uninsured motorist action fixed the damages in a later bad faith case. *Batchelor v. Geico Cas. Co.*, 6:11-CV-1071-ORL-37, 2014 WL 3906312, at *4 (M.D. Fla. 2014).

In *GEICO Gen. Ins. Co. v. Paton*, 150 So. 3d 804, 807 (Fla. 4th DCA 2014), the Fourth District Court of Appeal held that the verdict in the uninsured motorist case was binding in the bad faith case. In *Lawton-Davis*, the Court found that "[t]he holding in *Paton* significantly militates against the justifications for abatement." 2014 WL 6674458, at *3. However, the Court also noted that "*Paton* is a recent decision; the Florida Supreme Court could still take up the excess-verdict issue, as could other District Courts of Appeal." *Id.* Thus, because, at the time, "the state of the law on excess UM benefits verdicts ha[d] not fully crystallized" the Court abated the bad faith claim. *Id.* In *Fantecchi v. Hartford Ins. Co. of the Midwest*, 15-23969-CIV, 2015 WL 12516629, at *2 (S.D. Fla. 2015), the Court agreed with *Lawton-Davis* that the holding in *Paton* "militates against the usual justifications for abatement." Thus, the Court dismissed the unripe bad faith count.

Similarly, in *Nelson v. Travelers Home & Marine Ins. Co.*, 615CV1137ORL22TBS, 2015 WL 12830480, at *2 (M.D. Fla. 2015), the Court observed

3

that "[o]ne of the primary concerns plaintiffs continue to raise in these cases is that dismissal without prejudice raises judicial efficiency issues because of the risk of inconsistent verdicts." But, based on *Paton*, the Court said "this issue has been resolved." *Id*. The Court also found that abatement did not further judicial economy, it undermined it.

> [T]he Court cannot abate Plaintiffs' bad faith claim consistent with the orderly and efficient management of this case. The issue of coverage under Counts I and II will be determined, at the earliest, at the summary judgment phase of this case following completion of discovery, or, at the latest, at the time of trial. Postponing discovery on the bad faith claim until the conclusion of the summary judgment phase—at the very soonest—has the potential to unreasonably delay the ultimate resolution of the entire case.

*Id*.

Since *Lawton-Davis*, *Nelson*, and *Fantecchi*, the Florida Supreme Court issued its opinion in *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214 (Fla. 2016). In *Fridman*, the Supreme Court held that "the determination of damages obtained in the UM action becomes a binding element of damages in the subsequent bad faith litigation against the same insurer and that the parties have the opportunity to appeal timely-raised errors in the UM verdict." *Id*. at 1228. The Supreme Court also held that "an insured is entitled to a determination of liability and the full extent of his or her damages in the UM case prior to filing a first-party bad faith action." *Id*. at 1224.

Based on *Fridman*, the "state of the law on excess UM verdicts" has now fully crystallized. "Given *Fridman*'s resolution of the damages uncertainty, it is appropriate to consider the procedural question of abatement anew." *Ralston v. LM Gen. Ins. Co.*, 616CV1723ORL37DCI, 2016 WL 6623728, at n.4 (M.D. Fla. 2016). As observed in

4

*Lawton-Davis* and *Fantecchi*, *Paton* and now *Fridman* "significantly militate[] against the justifications for abatement." *See also McBride v. Liberty Mut. Fire Ins. Co.*, 6:17-CV-1639-37KRS, 2017 WL 4541578, at *1 (M.D. Fla. 2017) ("In such circumstances—as the Court has previously articulated—dismissal, not abatement, is proper.").

Moreover, abatement, as opposed to dismissal, does not preserve resources of the court or the parties. *See Williams v. Safeco Ins. Co. of Illinois*, 8:17-CV-751-T-17MAP, 2017 WL 4465737, at *1 (M.D. Fla. 2017) ("[I]t [does] not significantly aid judicial economy if the claims are abated rather than dismissed without prejudice."). Whether this Court dismisses or abates, there still must be a separate trial for any bad faith claim under § 624.155, should such a claim ever accrue. *See, e.g., Cont'l Ins. Co. v. Roberts*, 8:05-CV-1658 T17MSS, 2008 WL 2700054, at *2 (M.D. Fla. 2008); *Lawton-Davis*, 2014 WL 6674458, at *3. And even the evidence and witnesses are different in these two causes of action. *Dennis v. Nw. Mut. Life Ins. Co.*, 3:06-CV-43-J-20MCR, 2006 WL 1000308, at *3 (M.D. Fla. 2006).

Because *Fridman* eliminated the potential prejudice to Plaintiff by abatement, and because a bad faith claim is separate and distinct from an uninsured/underinsured motorist claim, this Court should dismiss count three of the complaint.

### B. Federal Law does not Allow for Abatement

In *Fridman*, the court held that abatement is an appropriate procedural device to deal with premature bad faith claims. 185 So. 3d at 1230. This holding is procedural, and, thus, not binding on this Court. *Ralston*, 2016 WL 6623728, at *2. Instead, federal law determines whether the unripe bad faith count should be dismissed or abated. *Id.*

"Bringing a premature bad-faith claim is contrary to the Federal Rules of Civil

5

Procedure. A plaintiff who has an as-yet unresolved claim for UM benefits is not 'entitled to relief' on its claim for bad-faith." *Bele v. 21st Century Centennial Ins. Co.*, 126 F. Supp. 3d 1293, 1296 (M.D. Fla. 2015). It also does not appear that federal courts have jurisdiction over an unripe bad faith claim. *Novak v. Safeco Ins. Co. of Illinois*, 94 F. Supp. 3d 1267, 1269 (M.D. Fla. 2015); *Ralston*, 2016 WL 6623728, at *3; *Alilin v. State Farm Mut. Auto. Ins. Co.*, 6:14-CV-1183-ORL, 2014 WL 7734262, at *6 (M.D. Fla. 2014); *Shvartsman v. GEICO Gen. Ins. Co.*, 617CV437ORL28KRS, 2017 WL 2734083, at *1 (M.D. Fla. 2017); *McBride*, 2017 WL 4541578, at *1; *Keenan v. LM Gen. Ins. Co.*, 617CV1426ORL40GJK, 2018 WL 565679, at *1 (M.D. Fla. 2018); Wadsworth v. State Farm Mut. Autombile Ins. Co., 2:17-CV-502-FTM-99CM, 2017 WL 5702833, at *2 (M.D. Fla. 2017),

This is another reason count three should be dismissed.

## II. Statement Regarding Further Pleading

Safeco has moved to dismiss count three, but not count one or count two of the complaint. "Filing a partial motion to dismiss effectively suspends that party's response time for the entire complaint." *McBride v. Liberty Mut. Fire Ins. Co.*, 617CV1639ORL37KRS, 2017 WL 4286316 (M.D. Fla. 2017). *See Jacques v. First Liberty Ins. Corp.,* 8:16-CV-1240-T-23TBM, 2016 WL 3221082, at *1 (M.D. Fla. 2016). Accordingly, Safeco will respond to counts one and two once this motion to dismiss is determined.

## III. Conclusion

For the reasons stated, Safeco moves for an order dismissing count three.

Respectfully submitted,

BUTLER WEIHMULLER KATZ CRAIG LLP

_____
MATTHEW J. LAVISKY, ESQ.
Florida Bar No.: 48109
mlavisky@butler.legal
JAMIE COMBEE NOVAES, ESQ.
Florida Bar No.: 108447
jnovaes@butler.legal
Secondary: ehorton@butler.legal
400 N. Ashley Drive, Suite 2300
Tampa, Florida 33602
Telephone: (813) 281-1900
Facsimile: (813) 281-0900
Counsel for Defendant

## **CERTIFICATE OF SERVICE**

I certify that a copy hereof has been furnished to:

Benjamin A. A. Russell
Associates and Bruce L. Scheiner
Post Office Box 60049
Fort Myers, FL 33906-6049
service@blslawyers.com
Secondary: service2.bls@gmail.com
Attorneys For: Plaintiffs

By U.S. Mail on June 10, 2019.

_____
JAMIE COMBEE NOVAES, ESQ.

7