UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HARRY DIGGORY, IV and
NANCY JAEN MCARDLE,

     Plaintiffs,

v.                                                             Case No.:  2:19-cv-367-FtM-38UAM

SAFECO INSURANCE COMPANY
OF ILLINOIS,

     Defendant.
_____/

## **OPINION AND ORDER**[1]

Before the Court is Defendant Safeco Insurance Company of Illinois' ("Safeco") Motion to Dismiss Count Three of the Complaint (Doc. 8). Plaintiffs Robert Harry Diggory, IV ("Diggory") and Nancy Jean McArdle, collectively ("Plaintiffs"), have not filed a response in opposition and the time to do so has expired. For the reasons set forth below, the Motion is granted.

## **BACKGROUND**

This is a car crash case and Plaintiffs allege three claims against Safeco: (1) uninsured motorist coverage; (2) loss of consortium; and (3) bad faith. (Doc. 4). About this time last year, Diggory suffered extensive injuries from a car accident; injuries he

---

[1] Disclaimer: Documents filed in CM/ECF may contain hyperlinks to other documents or websites. These hyperlinks are provided only for users' convenience. Users are cautioned that hyperlinked documents in CM/ECF are subject to PACER fees. By allowing hyperlinks to other websites, this Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their websites. Likewise, the Court has no agreements with any of these third parties or their websites. The Court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the Court.

claims were covered under his insurance policy with Safeco. (Doc. 4 at 2). Earlier this year, Plaintiffs filed this three-count Complaint in state court and Safeco timely removed. (Docs. 1; 4).

Safeco moves to dismiss only Count III of the Complaint, arguing Florida law requires a plaintiff to prevail in the underlying action for insurance benefits before it can bring a bad faith claim. (Doc. 8 at 1). Further, the Court should dismiss Count III without prejudice instead of abating until resolution of the underlying coverage dispute. (Doc. 8 at 2-6). The Court agrees.

## DISCUSSION

Florida, by statute, imposes a duty on insurers to settle their policyholders' claims in good faith. Fla. Stat. § 624.155. "Before a policyholder may file a bad-faith lawsuit in which she alleges that her [uninsured/underinsured motorist ("UM")] insurer failed to settle a meritorious claim in good faith, she must first establish that her claim was, indeed, meritorious." *Bottini v. Geico*, 859 F.3d 987, 993 (11th Cir. 2017) (citing *Blanchard v. State Farm Mut. Auto. Ins.*, 575 So. 2d 1289, 1291 (Fla. 1991)). "She does so by obtaining a determination that her insurer is contractually liable under her UM insurance policy." *Id.* The determination of liability and the extent of damages are elements of a cause of action for bad faith. *Id.* (quoting *Vest v. Travelers Ins.*, 753 So. 2d 1270, 1275 (Fla. 2000)); *see also Allstate Indem. Co. v. Ruiz*, 899 So. 2d 1121, 1124 (Fla. 2005).

Here, the bad faith claim is not yet ripe because it is contingent upon Plaintiffs prevailing on the underlying UM breach of contract claim. *Bottini*, 859 F.3d at 993. The only remaining question is whether the unripe claim should be stayed pending a successful outcome of the UM claim or dismissed without prejudice to be refiled.

Courts have not settled on a single course of action for handling unripe bad faith claims simultaneously filed with coverage claims. See *Bele v. 21st Century Centennial Ins.*, 126 F. Supp. 3d 1293, 1295 (M.D. Fla. 2015) (collecting cases). Some courts have dismissed the claim without prejudice, reasoning they are not justiciable claims under Article III of the United States Constitution, while others have abated the claims, citing judicial economy. See *Shvartsman v. Geico*, No. 6:17-cv-437-Orl-28KRS, 2017 WL 2734083, *1 (M.D. Fla. June 22, 2017) (collecting cases). "Ultimately, the decision of whether to abate or dismiss without prejudice rests in the sound discretion of the Court." *Id.* (citing *Vanguard Fire & Cas. Co. v. Golmon*, 955 So. 2d 591, 595 (Fla. Dist. Ct. App. 2006)). The Florida Supreme Court has found that abatement is appropriate and favored. *Fridman v. Safeco Ins. Co. of Illinois*, 185 So. 3d 1214, 1229 (Fla. 2016).

Plaintiffs did not respond, and Safeco requests dismissal without prejudice. The Court agrees with the reasoning in the cases that have dismissed unripe bad faith claims without prejudice. See *Wadsworth v. State Farm Mut. Auto. Ins.*, No. 2:17-CV-502-FTM-99CM, 2017 WL 5702833, at *2 (M.D. Fla. Nov. 27, 2017) (deciding the same abate or dismiss issue involving the same plaintiffs' attorney). Notably, those decisions have recognized that Florida state courts do not have the same jurisdictional requirements as federal courts which prevents federal courts from adjudicating cases that are unripe for review or rest upon contingent future events that may not occur. See *Nat'l Advertising Co. v. City of Miami*, 402 F.3d 1335, 1339 (11th Cir. 2005). Because that is the case here, the Court will dismiss Plaintiffs' unripe bad faith claim without prejudice to refiling if the UM contract claim is favorably resolved.

Accordingly, it is now

**ORDERED:**

(1) Defendant's Motion to Dismiss Count Three of the Complaint (Doc. 8) is **GRANTED**.

(2) Plaintiffs' bad faith clam in Count III of the Complaint (Doc. 4) is **DISMISSED without prejudice**.

(3) Plaintiffs must **FILE** an amended complaint in accordance with this opinion on or before **July 8, 2019**.

**DONE** and **ORDERED** in Fort Myers, Florida this 30th day of June, 2019.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record