UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HARRY DIGGORY, IV ,

    Plaintiff,

v.                                                  Case No. 2:19-cv-367-FtM-NPM

SAFECO INSURANCE COMPANY OF
ILLINOIS

    Defendant.

**ORDER**

Before the Court are Defendants' Motion to Compel Physical Examination (Doc. 33) and Motion to Extend Time to Complete Discovery and Extend Certain Deadlines (Doc. 34). Plaintiff filed a Consolidated Response (Doc. 35) to both motions. Defendant seeks to have Plaintiff Robert Diggory, IV submit to both an orthopedic examination and a neurological examination. (Doc. 33, p. 3). To accomplish these examinations, Defendant also requests certain deadlines be extended. (Doc. 34, p. 1-2). While Plaintiff does not oppose the examination, Plaintiff does object to the lack of good cause to extend the deadlines to accomplish these examinations. (Doc. 35, p. 1). For the reasons discussed below, the Court denies both motions without prejudice.

Pursuant to this Court's Amended Case Management and Scheduling Order ("CMSO"), the deadline for Defendant's expert disclosure was March 26, 2020, discovery closed on April 27, 2020, and the dispositive motions deadline was May 26, 2020. (Doc. 28, pp. 1-2). Nearly three months after its expert disclosure deadline and nearly two months after the close of discovery, Defendant moved to extend both deadlines.

Specifically, Defendant requests the expert disclosure deadline be extended to September 1, 2020, and the discovery deadline be extended to September 30, 2020.[1] The only reason Defendant offers is it "has encountered difficulties in completing discovery and getting examinations scheduled due to the COVID-19 pandemic." (Doc. 34, p. 1).

District courts are required to enter a scheduling order that limits the time to complete discovery. Fed. R. Civ. P. 16(b)(3)(A). When such a deadline appears in a scheduling order and a motion for more time is filed after the deadline, "Rule 16 is the proper guide for determining whether a party's delay may be excused." *Destra v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018). Under Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998).

The parties filed their Case Management Report (Doc. 15) on July 1, 2019, and discovery could have commenced at that time, if not before. The parties sought a discovery deadline of January 3, 2020 in their Case Management Report (Doc. 15, p. 1), and the Court nevertheless provided for a deadline of April 27, 2020, nearly four months longer than the parties requested. Even with this expanded schedule, Defendant has not shown it even attempted to set these examinations during the discovery period. Furthermore, the CMSO cautioned the parties that the Court disfavors extensions of the

---

[1] Defendant does not explain if it seeks an extension of the discovery deadline solely to complete these examinations or for other discovery as well. Either way, Defendant's requests lack a good cause showing.

discovery period and requires movants to show "the failure to complete discovery is not the result of lack of diligence in pursuing discovery." (Doc. 28, p. 4). And filing an untimely discovery motion and an untimely motion to extend the discovery deadline compellingly indicates a lack of diligence. As a result, Defendant missed its expert disclosure deadline of March 26, 2020 and discovery closed on April 27, 2020. That said, the Court will not foreclose Defendant from meeting the good cause standard by promptly attempting to make a showing of due diligence in pursuing this discovery.

Accordingly, it is **ORDERED**:

(1) The Motion to Compel Physical Examination (Doc. 33) is **DENIED** without prejudice.

(2) The Motion to Extend Time to Complete Discovery and Extend Certain Deadlines (Doc. 34) is **DENIED** without prejudice.

**DONE** and **ORDERED** in Fort Myers, Florida on July 1, 2020.

_____
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE