UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ROBERT HARRY DIGGORY, IV ,

    Plaintiff,

v.                                                                   Case No. 2:19-cv-367-FtM-NPM

SAFECO INSURANCE COMPANY OF
ILLINOIS
    Defendant.

## ORDER

Before the Court are Defendant's Amended Motion to Extend Time to Complete Discovery and Extend Certain Deadlines (Doc. 37) and Rule 35 Motion for Entry of Order for Physical & Mental Examination (Doc. 38). Defendant Safeco Insurance Company of Illinois seeks to have Plaintiff Robert Diggory submit to both an orthopedic examination and a neurological examination. (Doc. 38, p. 2). To accomplish these examinations, Defendant requests the case deadlines be extended. (Doc. 37). The Court held a hearing on July 23, 2020, and preliminarily denied the motion for extension of time pending any resolution the parties might reach by July 30. The issues presented remain unresolved, and for the reasons discussed below, the Court denies both motions.[1]

A procedural history of this uninsured-motorist-insurance-coverage case is instructive. On August 6, 2019, nearly a year ago, the Court entered an Amended Case Management and Scheduling Order ("CMSO") (Doc. 28) after holding a Preliminary

---

[1] The Court reminds Defendant's counsel to cite to the Local Rules of the Middle District of Florida. In the motion to extend time, Defendant cited to Local Rules from the Southern District of Florida. (Doc. 37, p. 2).

Pretrial Conference. (Doc. 28). The CMSO set Plaintiff's expert disclosure deadline for February 26, 2020, Defendant's for March 26, 2020, the discovery deadline for April 27, 2020, and the dispositive motion deadline for May 26, 2020. (Doc. 28, pp. 1-2). These deadlines were in fact more generous than the parties proposed. (*See* Doc. 15, pp. 1-2 (proposing November 4, 2019 for expert disclosures, January 3, 2020 for the discovery deadline, and February 4, 2020 for dispositive motions)).

The parties proceeded to mediation on January 9, 2020, and reached an impasse. (Doc. 32). At this point, Defendant still had more than two months to name experts and more than three months to complete discovery. (Doc. 28, p. 1). No motions requesting additional time were filed. From there, the May 26, 2020 dispositive-motion deadline passed. Nothing was filed in the case until June 17, 2020, nearly two (2) months after the close of discovery, when Defendant filed its original motion to compel consultative medical examinations and, five days later, a motion for extension of time to complete discovery. (Docs. 33, 34). Finding Defendant had not shown that it made any attempt to set these examinations during the discovery period, the Court denied both motions without prejudice. (Doc. 36, p. 2). The Court did so to allow Defendant an opportunity to meet the applicable good cause standard by making a showing of due diligence in pursuing discovery. (*Id.*, p. 3).

The Eleventh Circuit, the Federal Rules of Civil Procedure, and the CMSO all mandate the standard that Defendant must show to overcome the untimeliness of its motions. Under Rule 16(b)(3)(A), district courts are required to enter a scheduling order that sets a discovery deadline. And Rule 16 is the guide for determining whether the delay in filing an untimely motion to extend a court-ordered deadline may be excused. *Destra*

2

*v. Demings*, 725 F. App'x 855, 859 (11th Cir. 2018). Under Rule 16(b)(4), "a schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause standard precludes modification unless the schedule cannot 'be met despite the diligence of the party seeking the extension.'" *Sosa v. Airprint Sys., Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998). Further, the CMSO clearly provides:

> A motion to extend a deadline established in this Order, including motions to extend discovery, are disfavored. . . . The moving party must show that the failure to complete discovery is not the result of lack of diligence in pursuing discovery

(Doc. 28, p. 4). Thus, Defendant was expressly cautioned just after the inception of this case that an extension of the discovery deadline is not only disfavored, but also warranted only when a movant demonstrates the failure to complete discovery timely is *not* due to the absence of diligence. (*Id.*).

The Court zeros in on Defendant's reasons for delay, especially in light of Defendant acknowledging "that the manner in which this litigation was previously handled disregarded this Court's deadlines." (*Id.*, p. 5). Defendant represents that one of its lawyer's offices moved on December 2, 2019, when attorney Kristin H. Woolam began to work from home. (Doc. 37, p. 4). And for some period of time, Ms. Woolam lost secretarial support. (*Id.*, p. 5). But Ms. Woolam is only one of three attorneys who represent the corporate Defendant in this case, and there is no suggestion that the other two attorneys were unavailable or impaired at any time. Further, it does not escape the Court that upon the impasse reached at mediation on January 9, 2020, Defendant and its counsel would have had in mind that the compulsory examinations had yet to be scheduled, and there was an April 27, 2020 deadline to complete them. Inexplicably, not only did they take no steps during that nearly four-month period to schedule the exams, but they also allowed

the discovery and dispositive-motion deadlines to expire before asking the Court to rewrite the scheduling order to accommodate their lack of diligence. This the Court cannot do. *Sosa*, 133 F.3d at 1418.

Quite simply, Defendant has made no showing of due diligence to schedule the examinations before the deadline expired, let alone demonstrated that despite due diligence the deadline could not be met. Given the binding precedent this Court must faithfully apply, the motions must be denied.

Accordingly, the Amended Motion to Extend Time to Complete Discovery and Extend Certain Deadlines (Doc. 37) and Rule 35 Motion for Entry of Order for Physical & Mental Examinations (Doc. 38) are **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on August 7, 2020.

_/s/ Nicholas P. Mizell_
NICHOLAS P. MIZELL
UNITED STATES MAGISTRATE JUDGE